**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**EDITH L. MCCLURE,**

    **Plaintiff,**

    v.                                                                     **CIVIL ACTION NO. 2:07cv101**

**BIG BROTHERS BIG SISTERS
OF SOUTH HAMPTON ROADS
and LISA COOK,**

    **Defendants.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Big Brothers Big Sisters of South Hampton Roads' ("BBBS") and Lisa Cook's ("Cook") (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendants' motion to dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

According to Edith L. McClure's ("Plaintiff") pro se complaint, Plaintiff was hired by BBBS effective August 2, 2006 as an Executive Assistant. Cook was an Executive Director in

the BBBS office as well as Plaintiff's supervisor. Plaintiff was terminated on November 8, 2006.

Plaintiff filed the instant complaint on March 5, 2007. Defendants filed their motion to dismiss on May 1, 2007, including the appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff has not responded to Defendants' motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

## III. DISCUSSION

Plaintiff's pro se complaint begins by making general allegations that she was not trained and that she complained to her supervisor about not being trained. Plaintiff's complaint also mentions the "Hiring of non-African American in September who was given training by Ms. Cook." (Complaint at ¶ 5.) Plaintiff states that she complained to the president of the BBBS board of directors about her supervisor. Plaintiff concludes her complaint by relating that she was terminated while on sick leave, and stating that, "I believe I was terminated because of complaints in regards to how [sic] treated as African American (no support or training), a violation of the Virginia Human Rights Act, VA Code 2.2-3900, et seq., because of my national origin and race." (*Id.* at ¶ 9.) Plaintiff has not alleged subject matter jurisdiction as is required by Federal Rule of Civil Procedure 8(a). The only statute referenced in Plaintiff's complaint is the Virginia Human Rights Act, a state statute. In addition, Plaintiff has not alleged diversity of citizenship or an amount in controversy.

Pro se complaints must be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this standard "does not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Indeed, "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In the instant case, Plaintiff has not alleged federal question, diversity, or any other basis for federal subject matter jurisdiction. Plaintiff seems to state a civil rights claim that may fall

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), or 42 U.S.C. § 1981. However, the generally vague nature of the complaint leaves the Court unable to determine the nature of such a claim. Plaintiff's statement that she was "terminated because of complaints in regards to how treated as African American" may be intended to allege an unlawful retaliation claim. (Complaint at ¶ 9.) The Court cannot conclude this is the case, however, because Plaintiff neither specifically alleges nor provides any factual background to suggest that Plaintiff complained about anything other than lack of training. Alternately, Plaintiff's complaint may be intended to state a disparate treatment claim with regard to her allegation of the "Hiring of a non-African American . . . who was given training by Ms. Cook." (*Id.* at ¶ 5.) Again, the Court cannot conclude that this is the case because Plaintiff has failed to make any specific allegations of discriminatory intent in relation to her alleged lack of training. Plaintiff merely states that she was not trained while a non-African American was hired and trained. In addition, construing Plaintiff's claim as a disparate treatment claim would be difficult to reconcile with Plaintiff's conclusion that, "I believe I was terminated because of complaints in regards to how [sic] treated as African American (no support or training), a violation of the Virginia Human Rights Act, VA Code 2.2-3900, et seq., because of my national origin and race." (*Id.* at ¶ 9.) Liberally construed, Plaintiff's complaint has failed to adequately state a claim. Therefore, Plaintiff's complaint must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiff may appeal from this Memorandum Opinion and Order by forwarding a written notice of appeal to

the Clerk of the United States District Court, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 16, 2007